**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 13 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EDWARD WILLIAMS,
an individual,

    Plaintiff,

vs.                                CASE NO:   3:18-cv-00070 KGB

ROSELLE HOSPITALITY, INC

    Defendant.
_____/

This case assigned to District Judge _____BAKER_____
and to Magistrate Judge _____KEARNEY_____

## COMPLAINT

Plaintiff, EDWARD WILLIAMS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues ROSELLE HOSPITALITY, INC. for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3. Plaintiff, EDWARD WILLIAMS (hereinafter referred to as "Williams") is a resident of Wynne, Arkansas and is a qualified individual with a disability under the ADA. Williams suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers

from spinal stenosis and nerve damage which substantially limits his ability to walk, requiring that he uses a wheelchair for mobility, and also limiting the use of his upper extremities. Prior to instituting the instant action, Williams visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Williams continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, ROSELLE HOSPITALITY, INC. is a corporation company registered to do business and, in fact, conducting business in the State of Arkansas. Upon information and belief, ROSELLE HOSPITALITY, INC. (hereinafter referred to as "ROSELLE") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Days Inn located at 1011 US Hwy 64 in Wynne, Arkansas (hereinafter referred to as "Hotel").

5. All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel owned by ROSELLE is a place of public accommodation in that it is Hotel operated by a private entity that provides goods and services to the public.

8. Defendant, ROSELLE, has discriminated and continues to discriminate against the

2

Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Hotel owned by ROSELLE. Prior to the filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Hotel in violation of the ADA. Williams has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. ROSELLE is in violation of 42 U.S.C. §12181, *et seq,*. 28 C.F.R. §36.304 and 28 C.F.R. §36.401, *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

      i. The accessible parking space has no access aisle and no accessible signage;

      ii. There is no accessible route from the parking to the main entry due to a curb;

    iii.    There is no accessible route into the outdoor pool for a wheelchair user via lift or otherwise;

    iv.    The service counter is too high for a wheelchair user;

    v.    The tables in the breakfast area do not have sufficient knee clearance for a wheelchair user;

    vi.    There are no grab bars at the water closet in the bath in the accessible guest room;

    vii.    The faucet controls are located on the opposite end of the shower from the seat in the accessible guest room;

    viii.    The shower controls are too high for a wheelchair user in the accessible guest room;

12.    There are other current barriers to access and violations of the ADA at the Hotel owned and operated by ROSELLE that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by ROSELLE pursuant to 42 U.S.C. §12205.

15.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against ROSELLE and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 9th day of April, 2018

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:   (205) 822-2702
Email:   ezwilling@szalaw.com